[Crim. No. 3955.   Second Dist., Div. Two.   Feb. 28, 1946.]

THE PEOPLE, Respondent, v. DANIEL BUDDY SLAY-DEN, Appellant.

William G. Kenney and William Mayhew for Appellant.

Robert W. Kenny, Attorney General, and Carl S. Kegley, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty of violating section 503 of the Vehicle Code (unlawful driving or taking a vehicle), after trial before a jury, defendant appeals.

The evidence being viewed in the light most favorable to the People (respondent), and pursuant to the rules set forth in *People* v. *Pianezzi*, 42 Cal.App.2d 265, 269 et seq. [108 P.2d 732], the essential facts are:

On the 19th of April, 1945, Reverend Gesing, the complaining witness, left his car to be washed and parked in a parking lot at Eleventh and Los Angeles Streets operated by defendant and his brother. The car was a Ford and bore a West Virginia license No. 176184. Defendant informed the complaining witness the parking lot would be closed at 6 p. m. At about 7 p. m. Reverend Gesing returned to the parking lot but was unable to find his car. The following day he returned to the parking lot and discussed with defendant the loss of his car and at defendant's request, Reverend Gesing left with him his name and telephone number, written on a card, so that if defendant saw the automobile, he could call the complaining witness. The car not having been located on May 11, 1945, Reverend Gesing reported the loss to the Wilmington Police Station. On May 10, 1945, about three in

the morning, Officer Graham observed defendant driving a car west on Anaheim Boulevard bearing a California license plate No. 3 H 1318. The officer stopped the car and found in the glove compartment the registration certificate of the car which had been on the steering wheel when the car was left in defendant's parking lot. The certificate showed the car was registered to "Reverend H. A. Gesing, Cleveland, Ohio." The police officer asked defendant to whom the car belonged and he stated it was his. Defendant was then arrested and at the police station said that the car had been stolen from the washrack in a parking lot where he had worked three weeks previous and that he had been searching for the car since then. He also stated that the California license plate on the car had been stolen from another car in the parking lot. He admitted that when he received the car he had no permission from the owner to do anything to it but wash the car.

Defendant relies for reversal of the judgment on three propositions which will be stated and answered hereunder seriatim:

■ First: *The court committed prejudicial error in refusing to give this instruction:*

*"The rule of law that an act, if knowingly done, is done with criminal intent, has no application to cases where a specific intent is required. Such specific intent is a necessary ingredient or element of the offense and it must be proved to a moral certainty and beyond a reasonable doubt."*

This proposition is untenable. The court in fact gave a proper instruction to the jury pertaining to the specific intent required to constitute a violation of section 503 of the Vehicle Code. Such instruction read as follows:

"It is the law of this state that any person who shall take or drive a vehicle not his own without the consent of the owner thereof, and in the absence of the owner, and with intent to either permanently or temporarily deprive the owner thereof of his title to, or possession of, such vehicle, whether with or without the intent to steal the same, shall be deemed guilty of a felony.

"It is also the law of this state that 'the consent of the owner of such vehicle to its taking or driving shall not, in any case, be presumed or implied because of such owner's consent on a previous occasion to the taking or driving of such vehicle by the same, or a different person, and any person who assists in, or is a party or an accessory to, or an accomplice in, any such

stealing or unauthorized taking or driving, shall also be deemed guilty of a felony." (See *People* v. *Neal*, 40 Cal.App. 2d 115, 117 [104 P.2d 555].)

■ Second: *The court committed prejudicial error in instructing the jury as follows:*

"*It is the law of this state that any person who shall take or drive a vehicle not his own without the consent of the owner thereof, and in the absence of the owner, and with intent to either permanently or temporarily deprive the owner thereof of his title to, or possession of, such vehicle, whether with or without the intent to steal the same, shall be deemed guilty of a felony.*

"*It is also the law of this state that the consent of the owner of such vehicle to its taking or driving shall not, in any case, be presumed or implied because of such owner's consent on a previous occasion to the taking or driving of such vehicle by the same, or a different person, and any person who assists in, or is a party or an accessory to, or an accomplice in, any such stealing or unauthorized taking or driving, shall also be deemed guilty of a felony.*"

This proposition is likewise untenable. The foregoing instruction was a correct statement of the principles of law embodied therein. (Veh. Code, § 503.) Such instruction was clearly applicable to the evidence before the jury and cannot accurately be said to have tended to confuse the jury.

■ Third: *The evidence is insufficient to sustain the judgment of guilty.*

This proposition is also untenable. From the facts recited *supra*, the jury was justified in inferring that defendant drove the complaining witness's car without the consent of the owner, in his absence and with the intent to temporarily deprive the owner of his possession of such vehicle. (*People* v. *White*, 71 Cal.App.2d 524, 525 [162 P.2d 862]; *People* v. *Jeffries*, 47 Cal.App.2d 801, 807 [119 P.2d 190].)

Since the record appears to be free from error and for the reasons stated above, the judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.