[Crim. No. 3724.    First Dist., Div. One.    May 24, 1960.]

THE PEOPLE, Respondent, v. CLEOPHUS H. WALKER, Appellant.

Ivan Sperbeck for Appellant.

Stanley Mosk, Attorney General, and Miriam E. Wolff, Deputy Attorney General, for Respondent.

DUNIWAY, J.—Appeal from a judgment of conviction of robbery in the second degree (Pen. Code, §§ 211, 211a). Appellant claims error on the following grounds: (1) insufficiency of the evidence to support the verdict; (2) that a police officer who interviewed defendant should not have been permitted to read to the jury his memorandum of what defendant said; (3) prejudicial misconduct of the district attorney; (4) that denial of probation was an abuse of discretion. His contentions are without merit.

1. *The evidence was sufficient.*

It was agreed by the victim and appellant in their testimony and in appellant's subsequent statement to the officer that during the course of a ride in a car which appellant was driving, $126 of the victim's money found its way from her possession into the possession of appellant. There was a direct conflict in the testimony as to whether the victim voluntarily handed it to him as a loan, or he took it by force. The jury resolved that question against appellant. It is not our function to upset that finding.

Counsel asserts that the victim's testimony "insults the principles of credibility," and that her testimony is apparently so improbable or false as to amount to no evidence at all, citing *People* v. *Antunez,* 28 Cal.App. 740 [153 P. 963], and *People* v. *Lewis,* 18 Cal.App. 359 [123 P. 232]. Neither case supports

his position; on the contrary, in both cases the court applies the ordinary rule: " 'If the evidence which bears against the defendant, considered by itself, and without regard to conflicting evidence, is sufficient to support the verdict, the question ceases to be one of law—of which alone this court has jurisdiction—and becomes one of fact upon which the decision of the jury and the trial court is final and conclusive.' " (*People* v. *Antunez,* supra, at p. 742, citing *People* v. *Emerson,* 130 Cal. 562 [62 P. 1069], and *People* v. *Lewis, supra.*) In the Lewis case, the court felt itself bound by the verdict and order denying a new trial, although it found the victim's story "almost incredible."

We have carefully reviewed the entire transcript, having in mind appellant's strictures upon the credibility of the victim. We have not the advantage that the jury and the judge had, of observing the witnesses. But we find nothing incredible in the victim's story. On the contrary, it hangs together better, and is in our judgment better corroborated, than is appellant's story, which is full of inconsistencies and evasions. There were enough peculiarities and gaps in the victim's account to enable appellant's counsel to make a persuasive argument to the jury, and this was done. But it was obviously the view of the jury and the judge that the evidence heavily preponderated against appellant. That is also our view. We can see no benefit to the parties, to the bar, or to the law, in our reciting the details of the evidence, and we therefore refrain from doing so, especially since appellant's evidence, aside from his assertion that his victim lent him the money, consisted largely of an attempt to blacken her character by establishing a meretricious relationship between her and himself. Even if the jury had believed that such relationship existed, it could still have found that appellant robbed her.

2. *No objection was made to the officer's reading his memorandum of defendant's statement.*

The officer testified to the circumstances of the interview, and that he wrote down, at the time, and as nearly verbatim as possible, what appellant said. He then was asked to tell what appellant said, and did so by reading the memorandum. The statement was a denial of the offense, but it contained damaging admissions, and was quite different from appellant's testimony at the trial. No objection whatever was made to this procedure. If objection had been made, a further foundation could have been laid, and the contents of the memorandum

could have been presented to the jury through the testimony of the witness, refreshed by the memorandum, though not by the reading of it by the witness, under Code of Civil Procedure, section 2047. Any objection appellant may have had was waived (*People* v. *Butcher*, 174 Cal.App.2d 722, 727-728 [345 P.2d 127]). No doubt counsel felt that objection would have accomplished no substantive benefit for appellant, and might have been harmful in the eyes of the jury by overemphasizing the matter in their minds. Trial counsel make such choices every day.

3. *There was no objection to the remarks of the district attorney.*

Counsel cites but two instances of claimed misconduct. In one of them the district attorney indicated that appellant's story was that "he didn't see" the victim on the occasion in question. This was obviously a slip of the tongue, as the preceding and succeeding sentences both indicate that appellant did see her (i.e., that he was with her at the time in question) which was conceded throughout. The other relates to appellant's statement to the officer. The district attorney argued that in effect the statement admitted that appellant "took" or "stole" the money. The statement is open to that construction, and the argument was legitimate. But in any event, an objection, correction, and admonition could easily have cured the prejudice, if any there was. (*People* v. *Hardenbrook*, 48 Cal.2d 345, 354 [309 P.2d 424].)

4. *There was no abuse of discretion in denying probation.*

This is a matter almost wholly within the discretion of the trial court (Pen. Code, § 1203; *People* v. *Duke*, 164 Cal.App.2d 197 [330 P.2d 239]; *People* v. *Blankenship*, 16 Cal.App.2d 606 [61 P.2d 352]). We have examined the probation officer's report, which recommends probation, but find nothing that would warrant our holding that the court abused its discretion in denying it.

Affirmed.

Bray, P. J., and Tobriner, J., concurred.