[Crim. No. 1708.   Fourth Dist.   May 8, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. RUDY A. PEREZ, Defendant and Appellant.

Monroe & Chula, George H. Chula and Howard L. Holtzman for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Vincent W. Thorpe, Deputy Attorney General, for Plaintiff and Respondent.

SHEPARD, J.—Defendant appeals from a judgment of conviction of a violation of Vehicle Code section 503 (now § 10851; Theft and Unlawful Driving or Taking of a Vehicle), and from an alleged order denying an alleged motion for a new trial.

## FACTS

The record before us, read in the light of the familiar rule set forth in *People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778], shows the facts to be substantially as follows: Defendant, on March 12, 1958, secured possession of a model 1957 black Corvette automobile being purchased under contract by Harlan Riley on defendant's representation that he had a buyer named Stevenson ready to buy the car. Defendant came back to Riley in about one hour and reported that Stevenson wanted some work done on the car. Riley gave permission to defendant to keep the car for three days to accomplish this purpose and make the sale to Stevenson. In truth and fact Stevenson never saw or discussed purchase of the car with defendant or anyone else.

Details of defendant's peregrinations with the car thereafter, his bilking a Robert Thompson of $100 on false representations that defendant owned the car, the sending by defendant of $105 in money orders from Arizona and Riley's ultimate tracing and repossession of the car in El Paso, Texas, some three months later, need not here be recited. Suffice it to say that defendant never returned the car to Riley. All conflicts in the evidence were resolved by the jury against defendant.

## SUFFICIENCY OF THE EVIDENCE

Defendant contends that the evidence is insufficient to support the judgment of conviction. We find no merit in this contention. Defendant attained possession of the car in the first place under false representations. Even though his original possession had been lawful, he had no authority to keep it more than three days and then only for the purpose of consummating a sale to Stevenson. Actually, his original possession, his keeping the car beyond three days, his driving the car to Arizona and finally to Texas, were all unlawful and, under the evidence of the prosecution, if believed, could not be construed in any other way than intentionally taking and depriving the owner of possession, to say the least. Intent to deprive the owner may be established from the circumstances of the case, (*People* v. *Orona,* 72 Cal.App.2d 478, 484

[4, 7] [164 P.2d 769]) and is a question for the trier of fact. (*People* v. *Hayes,* 153 Cal.App.2d 333 [2] [314 P.2d 175]; *People* v. *Weston,* 164 Cal.App.2d 619 [330 P.2d 828].) Each time defendant drove the car without the consent of the owner it was a violation of the statute. (*People* v. *Cuevas,* 18 Cal.App.2d 151, 154 [63 P.2d 311].)

In effect, defendant is seeking to have the reviewing court reweigh the evidence in favor of the defendant. This we cannot do. *People* v. *Love,* 185 Cal.App.2d 604, 606 [1] [8 Cal.Rptr. 544].) We must view the evidence in the light most favorable to the verdict. (*People* v. *Newland, supra; People* v. *Myles,* 189 Cal.App.2d 42, 45 [1] [10 Cal. Rptr. 733].) There is more than sufficient evidence to support the judgment of conviction.

## No PREJUDICIAL MISCONDUCT

Defendant next contends the prosecutor was guilty of prejudicial misconduct in his opening argument by stating that defendant was ". . . hooking somebody for $100 here and $100 there. . . ."

No objection by defense counsel was made to the alleged misconduct. Defendant argues no objection was necessary when the misconduct is so flagrant, citing *People* v. *Sheffield,* 108 Cal.App. 721 [293 P. 72] and *People* v. *Lyons,* 47 Cal.2d 311, 318 [303 P.2d 329]. However, there was testimony that defendant made several attempts to get $100 from one Bonilla on the representation by defendant that defendant owned the car, also that defendant took $100 from Thompson on a false representation and never returned it. These occurrences were integral parts of the evidence showing defendant's intent in taking the car. A reading of the entire argument shows no prejudicial misconduct. The statement complained of could not reasonably have materially affected the outcome of the case at bar. (*People* v. *Crozier,* 119 Cal.App.2d 204, 208 [5-6] [258 P.2d 1029]; *People* v. *Warren,* 175 Cal.App.2d 233, 242, 243 [10-13] [346 P.2d 64].) Moreover, under the circumstances in this case failure to object and failure to request admonishment of the jury to disregard this statement waived any right to objection for the first time on appeal. (*People* v. *Wein,* 50 Cal.2d 383, 396 [8, 9] [326 P.2d 457].)

## INSTRUCTIONS PROPER

Defendant contends the court erred in reading to the jury a copy of Vehicle Code section 503 and by failing to instruct the jury on a question of specific intent. Defendant cites

*People* v. *Sanchez,* 35 Cal.2d 522 [219 P.2d 9], which deals with the intoxication of an accused at the time of the taking of the vehicle, which is not involved in the case at bar. Here there was no suggestion of intoxication nor that defendant was not fully conscious of all his acts. The court fully and properly instructed the jury on the offense charged, and of the necessity of intent by defendant "to either permanently or temporarily deprive the owner thereof of his title to, or possession of, such vehicle, whether with or without the intent to steal the same." (*People* v. *Slayden,* 73 Cal.App.2d 345, 347-348 [1, 2] [166 P.2d 304].)

### NEW TRIAL

Defendant contends the trial court failed to rule upon his motion for a new trial and therefore a new trial is required under Penal Code section 1202. In effect, notice of intention to make a motion for new trial and request for date for hearing was made by defendant's counsel after the jury was dismissed. Before such hearing, defendant absconded while on bail and after he was again apprehended two years later, hearing for motion for new trial, application for probation and pronouncement of judgment was continued four times at the request of defendant. Finally a hearing was had at which defendant's counsel made a long argument for probation but did not make any motion for a new trial nor cite any grounds for a new trial, as such. Thus, no motion for a new trial was ever made. (*People* v. *Dillard,* 168 Cal.App.2d 158, 168-169 [6-7] [335 P.2d 702].) Furthermore, at judgment, the question was asked, "Is there any legal cause to show why judgment of the court should not be pronounced?" and defense counsel replied, "No legal cause, Your Honor." If counsel believed a motion had been made and not ruled on, it was his duty to call it to the attention of the court at that time. (*People* v. *Mortensen,* 10 Cal.App.2d 124, 126-127 [3-4] [51 P.2d 450].) Penal Code section 1202 does not apply to the case at bar. (See *People* v. *Rothrock,* 8 Cal.2d 21, 24 [3] [63 P.2d 807].)

### JUDGMENT

Defendant contends that the trial court abused its discretion by denying defendant probation in order "to set an example for others." The comments of the judge before sentencing did not show bias. (*People* v. *Ekberg,* 94 Cal. App.2d 613, 618, 619 [8] [211 P.2d 316].) The record discloses that the trial judge followed the recommendations of

the probation office made over two years before and did not change his mind regarding the disposition he would have made if defendant had not absconded while on bail. There was no abuse of discretion in denying probation. (*People* v. *Walker*, 181 Cal.App.2d 227, 230 [4] [5 Cal.Rptr. 283]; *People* v. *Wooley*, 15 Cal.App.2d 669, 675 [7] [59 P.2d 1065].)

The appeal from the alleged order denying motion for new trial is dismissed.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied May 24, 1962.