[Crim. No. 9429.    Second Dist., Div. Four.    July 27, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. FRANK BILLY RAY COOK, Defendant and Appellant.

Richard Levin, under appointment by the District Court of Appeal, and Bernard I. Segal for Defendant and Appellant.

Stanley Mosk and Thomas C. Lynch, Attorneys General, William E. James, Assistant Attorney General, and Peter Graber, Deputy Attorney General, for Plaintiff and Respondent.

BURKE, P. J.—Frank Billy Ray Cook, defendant, was charged by information with violation of section 487, subdivision 3, of the Penal Code (grand theft auto) and Vehicle Code section 10851. He was acquitted by a jury of grand theft auto, but found guilty of violating Vehicle Code section 10851. A new trial was denied, probation was denied, and defendant was sentenced to the state prison for the term prescribed by law.

The facts, viewed from the point of view of the prosecution, essentially are that Maron Satchell, a friend of defendant, posing as the defendant, arranged the purported purchase of a 1959 Mercury on a conditional sales contract from Frahm Pontiac. Defendant owned a 1950 Buick and permitted Satchell to use his name and the Buick as a trade-in on the Mercury. Satchell also gave Frahm Pontiac a spurious check for $300. Papers were signed and Satchell, acting as though he were the owner, delivered to Frahm possession of the Buick and a yellow transit slip from the Department of Motor Vehicles indicating ownership of the Buick was in the name of "Frank Cook." Frahm Pontiac forwarded the necessary papers to Sacramento to cause registration of the Mercury in the name of "Frank Cook." Three persons had visited Frahm at the time of purchase, including Frank Cook's brother. The Frahm employees identified the real Frank Billy Ray Cook, defendant, as being one of the three. Satchell appeared to be the leader in negotiating the purchase.

Defendant, testifying in his own behalf, stated he did not participate in the transaction, that he was babysitting for his mother at the time. The mother corroborated him in this statement. Defendant's brother likewise so testified and added that the third person present was Satchell's brother, Leroy Satchell.

Defendant testified he had lost his car, but he did not report the loss to the police at once. Defendant's brother supposedly "found" the car, took it, and the purchase was made the next day without defendant's knowledge. Phone calls were made to Frahm after the purchase about a lost

Buick and, finally, defendant "found" the Buick on the Frahm lot.

▌ The first ground of appeal is that the Mercury was taken with the consent of Frahm Pontiac, and even though such consent be deemed to have been induced by trick and device and under false pretenses, nevertheless, it constituted consent. The arrangements were made to register the Mercury in the buyer's name which would entitle him to possession and use of the vehicle. Frahm Pontiac acquired defendant's Buick as a trade-in and part consideration for the Mercury. Having acquired the Mercury with Frahm's consent, possession cannot be held to have been obtained in violation of section 10851 of the Vehicle Code.[1] The point appears to be novel in California but defendant offers persuasive authority from other jurisdictions to the effect that fraudulent inducement does not vitiate the consent given to the extent of creating the crime of auto theft.

In Perkins on Criminal Law, page 859, it is stated: "It has been held, it may be emphasized, that one who obtains the owner's consent to drive his car by fraudulently misrepresenting the use to be made of it, is not guilty of operating a car without the consent of the owner although the owner would not have consented to the use actually made." (See 61 C.J.S. § 691.)

One of the earliest cases holding that fraudulently induced consent is consent nonetheless and that such consent prevents a violation of a vehicle joy ride statute is *State* v. *Boggs* (1917) 181 Iowa 358 [164 N.W. 759], the court stating: "The gist of the offense charged is the taking and driving of the motor car in question without the consent of the owner."

The court then noted: "It is contended on behalf of Appellant that consent obtained by trick, deceit or misrepresentation is not consent in fact." In rejecting this contention, the court concluded: "The statute was not designed to punish one who, by misrepresentation or for a fraudulent pur-

---

[1] Section 10851 of the Vehicle Code reads in part as follows:

"Any person who drives or takes a vehicle not his own, without the consent of the owner thereof, and with intent either permanently or temporarily to deprive the owner thereof of his title to or possession of the vehicle, whether with or without intent to steal the same, or any person who is a party or accessory to or an accomplice in the driving or unauthorized taking or stealing is guilty of a felony, ..." (Stats. 1959, ch. 3, p. 1597, § 10851.)

pose, obtains consent of the owner to take and operate his motor vehicle. . . .''

In *State* v. *Mularky* (1928) 195 Wis. 549 [218 N.W. 809], *State* v. *Boggs, supra,* was discussed with approval, and the court there held that consent, however obtained, prevented a violation of the Wisconsin joy ride statute.

In *United States* v. *One 1941 Chrysler* (D.C. E.D. Mich. 1947) 74 F.Supp. 970, the court was called upon to construe sections 413 and 414 of the Michigan Penal Statutes. These two sections are the equivalent of California's Penal Code section 499b (the misdemeanor joy ride statute) and Vehicle Code section 10851, the court holding: ''The provisions of such statutes as sections 414 and 413 are not designed to punish one who obtains consent of the owner to take and operate his motor vehicle by misrepresentations or for a fraudulent purpose. They are directed against one who takes possession of such a vehicle without the consent of the owner.'' (See also *People* v. *Smith,* 213 Mich. 351 [182 N.W. 64].)

The above mentioned cases constitute specific applications of the basic common law rule that, unless there is statutory language to the contrary, whenever lack of consent is a necessary element of a crime, the fact that consent is obtained through misrepresentation will not supply the essential element of nonconsent.

Perkins on Criminal Law, at page 859, states: ''Except for this, (larceny by trick) if it is truly an exception, and except where the result has been changed by statute, an offense which requires the absence of consent is not committed if there was consent to exactly what was done, even if such consent was induced by fraud.''

The facts of the present case, according to the foregoing argument, fit precisely under section 487, subdivision 3, of the California Penal Code.[2] Section 484 of the Penal Code defines theft, and included in the definition is the defrauding of any person of personal property by false pretenses. But section 10851 of the Vehicle Code makes no reference to

[2] ''§ 487. Grand theft is theft committed in any of the following cases:

''.  .  .  .  .  .  .  .  .  .  .  .  .  .

''3. When the property taken is an automobile, horse, mare, gelding, any bovine animal, any caprine animal, mule, jack, jenny, sheep, lamb, hog, sow, boar, gilt, barrow or pig.'' (As amended Stats. 1957, ch. 1794, p. 3184, § 1.)

fraud, false pretense or trick and device, the pertinent words being, "Any person who drives or takes a vehicle not his own, without the consent of the owner. . . ." Defendant was acquitted of the charge under Penal Code section 487, subdivision 3, which specifically embraced the acts committed by him, and was convicted under Vehicle Code section 10851, the essence of which is the taking without consent, not fraud.

*People* v. *Perez,* 203 Cal.App.2d 397 [21 Cal.Rptr. 422], has been cited as supporting defendant's conviction of a violation of Vehicle Code section 10851. In that case, the defendant attained possession of an automobile under the false representation that he had a buyer for it. He was given permission by the owner to keep the car for three days to make the sale to his buyer. Defendant never returned the car. The court stated (p. 399): "Even though his original possession had been lawful, he had no authority to keep [the automobile] more than three days and then only for the purpose of consummating a sale to [his purported buyer]. Actually, his original possession, his keeping the car beyond three days, his driving the car to Arizona . . . were all unlawful and, . . . if believed, could not be construed in any other way than intentionally taking and depriving the owner of possession, to say the least. Intent to deprive the owner may be established from the circumstances of the case, [citation] and is a question for the trier of fact. [Citations.] Each time defendant drove the car without the consent of the owner it was a violation of the statute. [Citation.]"

There is a generally recognized distinction, however, between *fraud in the factum,* which gives rise to no consent at all, and *fraud in the inducement,* which does not vitiate consent. *Perez, supra,* is an example of *fraud in the factum,* since the owner never intended that the defendant would acquire possession of the car for his own use.

Here, there was *fraud in the inducement*; the owner intended to sell defendant the car and consented to the taking of possession of it by him and, unlike *Perez,* the fraud did not vitiate consent.

No authorities are cited in opposition to defendant's contentions that consent, albeit falsely induced, bars prosecution under such section 10851 of the Vehicle Code. Respondent argues only that the facts conclusively establish an intent on defendant's part, defendant having been an accomplice, to deprive Frahm Pontiac of its title or possession of the 1959 Mercury, which is the essence of the charge; that the fraud

in obtaining consent vitiates the consent and does not excuse the criminal act.

Fraud, vitiating consent, as indicated, is a completely tenable principle in contract law, and when specifically incorporated in a penal statute determines the operation of the section, as in the case of Penal Code section 484. However, section 10851 of the Vehicle Code makes no reference to fraud, false pretense or trick and device but is specifically based upon the taking without consent.

There were some mitigating circumstances which undoubtedly account for the jury's convicting defendant of the lesser of the two felony offenses: Frahm Pontiac not only consented to the taking but it acquired defendant's Buick as a trade-in; Frahm sold the Buick and retrieved a part of any loss it may have sustained; defendant did not issue the bad check; Satchell, not defendant, took possession of the Mercury; neither defendant nor Satchell made any attempt to disappear, and the Mercury was repossessed.

Furthermore, since defendant has been acquitted of the offense of violating Penal Code section 487, subdivision 3, a species of theft, included in the definition of which is fraud or false pretense, any contentions regarding fraud must be deemed concluded and fraud cannot therefore be considered as established or as vitiating the consent that was in fact given. Consent having been given, there was no violation of section 10851 of the Vehicle Code.

In view of such holding, defendant's contentions and references to section 499b of the Penal Code, the misdemeanor joy ride statute, become moot.

The judgment of conviction is reversed and the cause remanded to the trial court with directions to dismiss.

Jefferson, J., and Kingsley, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied September 24, 1964. Mosk, J., did not participate therein.