[Crim. No. 9365.   Second Dist., Div. Four.   Aug. 7, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. MARY VIR-
GINIA CARR, Defendant and Appellant.

Jerry W. Flavin, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Rose-Marie Gruenwald, Deputy Attorney General, for Plaintiff and Respondent.

BURKE, P. J.—Defendant was acquitted by a jury of the charge of violating section 487, subdivision 3, of the Penal Code, grand theft auto, and convicted of violation of section 10851 of the Vehicle Code, driving or taking a vehicle, without consent of the owner, a felony.[1]  Probation was denied and defendant was sentenced to the California Institution for Women for the term prescribed by law.  Defendant appeals from the judgment.

Defendant rented a Cadillac car from a car rental agency at International Airport for one day; the rental was extended for two additional days by the agency at defendant's request. She failed to return the auto to the agency.  One month later defendant was involved in a traffic collision with the rented car which had been reported stolen.  The traffic officer, noting that the car was listed on the "hot sheet," arrested defendant.

There is no issue of sufficiency of evidence to support the

---

[1] "§ 10851.  Any person who drives or takes a vehicle not his own, without the consent of the owner thereof, and with intent either permanently or temporarily to deprive the owner thereof of his title to or possession of the vehicle, whether with or without intent to steal the same, or any person who is a party or accessory to or an accomplice in the driving or unauthorized taking or stealing is guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the state prison for not less than one year nor more than five years or in the county jail for not more than one year or by a fine of not more than five thousand dollars ($5,000) or by both such fine and imprisonment. The consent of the owner of a vehicle to its taking or driving shall not in any case be presumed or implied because of such owner's consent on a previous occasion to the taking or driving of the vehicle by the same or a different person."

judgment. Defendant on several previous occasions had rented cars, kept them long after their return date, abandoned them, returned them to the renters without notice, and in one instance pleaded guilty to violation of section 499b of the Penal Code, the misdemeanor joy-ride statute. In the instant case defendant contended at trial that she had rented the car for a month. The agency's records, however, proved the rental to have been for one day, January 28, 1963, and extended by request from that day to February 1, 1963. On February 15, 1963, the car was reported as stolen and was recovered the day of the accident, February 28, 1963, the day defendant claimed it was to have been returned. Defendant did not pay for such extended use and the jury's factual determination upon substantial evidence, in the absence of error, is conclusive on appeal.

Defendant, however, claims prejudice and error in the proceedings otherwise, as set forth in her letter attached in the clerk's transcript, pages 17 through 22, in which, generally, she charges (1) that she requested several witnesses but was allowed none, (2) that a list of witnesses was ignored by counsel, (3) that unusual prejudice was shown, (4) that this is a criminal prosecution for a civil debt, (5) that the car was reported stolen before the proper time had elapsed (referring to the five-day period provided for in Vehicle Code section 10855),[2] (6) that she was without counsel when sentenced because she had dismissed her attorney, and (7) that she was not given time or permission to prepare a written probation report.

There is nothing in the record to substantiate the charges respecting denial of witnesses and any matters outside the record may not be considered on appeal. (*People* v. *Ruiz,* 103 Cal.App.2d 146, 150 [229 P.2d 73].)

Defendant's references to certain testimony in the record as indicating unusual prejudice have been examined and nothing improper or prejudicial in the court's rulings or reasons stated, nor in the attitude of the court, is evident. Error will not be presumed on appeal. (*People* v. *Farrara,* 46 Cal.2d 265, 268 [294 P.2d 21].)

---

[2]Vehicle Code section 10855 reads as follows: ''Whenever any person who has leased or rented a vehicle wilfully and intentionally fails to return the vehicle to its owner within five days after the lease or rental agreement has expired, that person shall be presumed to have embezzled the vehicle.''

██ This is not a criminal prosecution for a civil debt. (Veh. Code, §§ 10851 and 10855, *supra.*)

██ At the time defendant appeared with her counsel for the hearing of the probation report and for sentencing, she requested a postponement, stating that she had not as yet written her letter to the probation department, not having had the legal paper on which to write the letter. She had indicated to the probation officer at the time she was interviewed two weeks prior to the hearing that she did intend to submit a written statement. The court declared that it saw no justification for a postponement in view of the probation report, at which time the defendant indicated her wish to dismiss her counsel. The court indicated to her that she had been well represented by counsel and that there was no justification for postponement. This action was within the sound discretion of the court, and such discretionary rulings are not disturbed on appeal. (*People* v. *Bloemsma,* 171 Cal. App.2d 261 [340 P.2d 350].)

While none of the points raised by defendant on appeal have merit, there is one feature which has arisen during the court's consideration of the matter, relating to the effect of the jury's acquittal of the defendant of the charge of grand theft auto, which warrants further comment. ██ ''The gist of the offense proscribed by Vehicle Code, section 10851, is the taking or driving of a vehicle without the owner's consent and with the specific intent to deprive the owner, permanently or *temporarily,* of title to or *possession* of that vehicle.'' (Italics added.) (*De Mond* v. *Superior Court,* 57 Cal.2d 340, 344 [19 Cal.Rptr. 313, 368 P.2d 865].)

In *People* v. *Cook,* 228 Cal.App.2d 716 [39 Cal.Rptr. 802], this court determined that the defendant therein, having similarly been acquitted of the offense of violating section 487, subdivision 3, a species of theft, included in the definition of which is fraud or false pretense, any contentions regarding fraud must be deemed concluded and fraud therefore could not be considered as established or as vitiating the consent that was in fact given to the defendant to the taking of the vehicle. ''Consent having been given, there was no violation of section 10851 of the Vehicle Code.'' (*People* v. *Cook, supra.*)

In the *Cook* case, even though there was fraud in the inducement whereby defendant obtained possession of the vehicle, the owner intended to sell the vehicle to defendant

and had in fact consented to the taking of possession, and the fraud did not vitiate consent. Similarly, in the case at bench the acquiring of possession of the vehicle by defendant and the driving of it for three days was with the agency's consent. ■ However, when defendant failed to return the vehicle to its owner within five days after the expiration of her lease, under the provisions of Vehicle Code section 10855 defendant was presumed to have embezzled the vehicle, and each time she drove the vehicle after the lease had expired, the driving was without the consent of its owner and in violation of section 10851.

Embezzlement is a form of theft, and under the provisions of Penal Code section 490a, ''Wherever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor.''

Accordingly, defendant was properly charged in count I with violation of section 487, subdivision 3, of the Penal Code, grand theft auto, and in count II of violating section 10851 of the Vehicle Code. The jury having acquitted her of grand theft auto, it must be assumed that the jury believed the evidence fell short of showing an intent on her part to steal or embezzle the vehicle. ■ The effect of such acquittal under the facts in this case, unlike *Cook, supra,* however, did not require an acquittal of defendant under section 10851. Here, her retention and driving of the vehicle after the expiration of her lease was shown to have been without the consent of its owner. There was ample evidence from which the jury could infer that in continuing to drive the vehicle beyond the rental period, defendant intended to temporarily deprive its owner of possession of the vehicle. There is no inconsistency or repugnance between the two verdicts.

Judgment of conviction is affirmed.

Jefferson, J., and Kingsley, J., concurred.