[Crim. No. 5236.   First Dist., Div. Three.   May 18, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. LEONARD C. HUTCHINGS, Defendant and Appellant.

Bernard F. Cummins, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edward P. O'Brien and James A. Aiello, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—Defendant pleaded not guilty to a charge of driving an automobile without the owner's consent (Veh. Code, § 10851), but admitted nine prior felony convictions. A jury found him guilty, he was sentenced to prison, and appeals.

Defendant went to a used car dealer in Walnut Creek, expressed interest in purchasing an automobile, and asked permission to take it for "30 or 40 minutes" to show it to his wife. He left an unendorsed check payable to himself. The check was not good. The evidence indicates that it was neither delivered nor accepted as payment. About five hours later, the car was stopped in a traffic jam some 20 miles from the used car lot, and a considerable distance from the city defendant had said was his home. Officers, acting on broadcast notice of a possible drunk driving violation, interrogated him in the car and then arrested him for drunk driving. True ownership of the car was discovered, and this charge followed.

■ Defendant argues that he took the car from the lot with the consent of the owner, and thus cannot be guilty of violation of the code section charged.

The case upon which he relies (*People* v. *Cook*, 228 Cal.App. 2d 716 [39 Cal.Rptr. 802]) does not aid him. There, Cook bought the car, giving a spurious check in payment. The dealer, in selling it, obviously consented for all time to its being driven by defendant for all purposes. The decision holds that even fraud in the inducement of the sale would not vitiate this consent, and thus conviction under section 10851 was improper.

Here, however, the consent was only for a taking for 30 or 40 minutes for the single purpose of inspection by the prospective buyer's wife. Defendant was arrested some four hours after the limited consent time had expired, and was alone in the car at a substantial distance from the home to which he had asked to drive it. Thus both the purpose and time of the consent were exceeded. It follows that the car was being driven "without consent of the owner" within the meaning of the code section (*De Mond* v. *Superior Court*, 57 Cal.2d 340 [19 Cal.Rptr. 313]; *People* v. *Carr*, 229 Cal.App.2d 74 [40 Cal.Rptr. 58]).

We do not have here the extended period of withholding present in *De Mond* and *Carr*, but in those cases only the time of use was limited. Here the purpose also was restricted. Both the place and the time of use immediately before arrest warrant inference of a wilful driving of the car far beyond the scope of the original consent. Thus the implied finding of the jury is supported.

Defendant's claim of error in admission of evidence produced by an illegal search, and of statements claimed to violate the *Dorado* rule, are made for the first time on appeal. Although they may be too late (see *People* v. *Robinson*, 62 Cal.2d 889, 894 [44 Cal.Rptr. 762, 402 P.2d 834]), we have reviewed the record as to both points. We find no merit in either. Moreover, all such evidence was immaterial to the core issue, and could not be held prejudicial, even if erroneously admitted.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 13, 1966. Peters, J., was of the opinion that the petition should be granted.