STATE of Missouri,
Plaintiff-Respondent,

v.

Matt Livingston LEIBLE,
Defendant-Appellant.

No. 14368.

Missouri Court of Appeals,
Southern District,
Division Two.

May 16, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 28, 1986.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

M. Elise Branyan, Asst. Public Defender, Springfield, for defendant-appellant.

PREWITT, Chief Judge.

Following jury trial defendant was convicted of stealing and sentenced to three years' imprisonment. He contends on appeal that the evidence was insufficient to support the conviction.

Defendant's point on appeal states "that the evidence only establishes that the defendant possessed a red 1981 Chevrolet pickup truck at the time of his arrest. The evidence fails to establish that Matt Leible drove the truck without consent or with the intent to deprive Thompson Auto Sales, Inc., thereof."

In reviewing to determine if the evidence supports a conviction, we consider the facts and all favorable inferences drawn therefrom in the light most favorable to the verdict. *State v. McDonald*, 661 S.W.2d 497, 500 (Mo. banc 1983), *cert. denied,* — U.S. ——, 105 S.Ct. 1875, 85 L.Ed.2d 168 (1985).

The information stated that in violation of § 570.030, RSMo Supp.1984 (since amended, see RSMo Supp.1985), the defendant committed stealing by appropriating the pickup without the consent of Thompson Auto Sales, Inc. and with the purpose to deprive Thompson of it. That section stated:

"A person commits the crime of stealing if he appropriates property or services of another with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion."

" 'Appropriate' means to take, obtain, use, transfer, conceal or retain possession of". § 570.010(3), RSMo Supp.1984. By including "retain possession of" in the definition of "appropriate", stealing embodies the traditional crimes of embezzlement and fraudulent conversion. *State v. Hardin*, 627 S.W.2d 908, 911 (Mo.App.1982). See also *State v. Eby*, 629 S.W.2d 515, 519 (Mo.App.1981).

Under § 570.030 the elements of stealing are: (1) an appropriation (2) of property or services (3) of another (4) with the purpose to deprive the other thereof, accomplished (5) either without the other's consent or by means of deceit or coercion. *State v. Hardin*, supra, 627 S.W.2d at 910.

The pickup was in the possession of Thompson Auto Sales, Inc. Defendant received permission to "test drive" the pickup by himself from a salesman working for Thompson. When defendant did not return after approximately 45 minutes, the salesman called for defendant at a phone number left by defendant. The salesman was told by the answering party that defendant was unknown at that number. The police were called and defendant was arrested shortly thereafter.

There was evidence that after taking the pickup truck defendant tried to sell a stereo unit from the truck to two reserve police officers not then in uniform. After the officers declined to purchase the stereo, defendant tried to sell or trade the truck to someone else. Defendant testified that while he had the truck he decided not to take it back to the car lot but to either sell it or use it on a trip to Georgia.

Defendant initially had permission to take the truck, but it is likely that the permission expired within the time that defendant had the truck. The jury could have found that the length of time defendant kept the truck was more than necessary for the purpose granted. See *People v. Hutchings*, 242 Cal.App.2d 294, 51 Cal. Rptr. 415 (1966). Nevertheless, whether or not the permission expired because of the length of time, the attempts to sell the truck, or part of it, were acts of dominion exceeding the permission granted. This showed both an appropriation beyond the consent given, and a purpose to deprive Thompson of the truck. The evidence was sufficient to support the conviction. Compare *State v. Abbott*, 654 S.W.2d 260, 269 (Mo.App.1983).

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.