Filed 1/4/24  P. v. Williams CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID LEE WILLIAMS,<br><br>    Defendant and Appellant. | C097116<br><br>(Super. Ct. No. 19FE004842) |

A jury found defendant David Lee Williams guilty of being a felon in possession of a firearm, vehicle theft (while armed with a firearm), and receipt of a stolen vehicle. The trial court found true prior strike allegations and sentenced defendant to an aggregate unstayed term of 25 years to life plus four years in state prison.

On appeal, defendant contends there is insufficient evidence to support his convictions for vehicle theft and receipt of a stolen vehicle. Alternatively, he argues he

1

cannot be convicted of *both* vehicle theft and receipt of the same (stolen) vehicle. We agree with the first argument and reverse both of the challenged counts of conviction accordingly. We remand for a full resentencing.

## BACKGROUND

On February 9, 2019, defendant used a credit card to rent a Volkswagen Beetle (the Beetle) from Avis, a car rental company. Defendant failed to return the Beetle at the agreed upon time. Avis attempted to contact defendant but was unsuccessful. Avis referred the matter to its repossession staff, which began its own efforts to locate defendant.

By March 13, 2019, Avis still had not located the Beetle and the company reported the car stolen. The value of the Beetle was approximately $21,000.

On March 15, 2019, law enforcement found the Beetle; defendant was driving it. Inside the Beetle, law enforcement found a loaded .45-caliber handgun in an open backpack on the floorboard near the rear passenger seat. The backpack contained paperwork belonging to defendant.

The People charged defendant with illegally possessing a firearm (while armed with a firearm) (Health and Saf. Code, § 11370.1, subd. (a) and Pen. Code, §§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)), possession of a firearm by a felon (while armed with a firearm) (Pen. Code, §§ 29800, subd. (a)(1), 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)), vehicle theft (Veh. Code, § 10851, subd. (a)), receiving a stolen vehicle (Pen. Code, § 496d, subd. (a)), identity theft (*id.*, § 530.5, subd. (c)(3)), and misdemeanor possession of methamphetamine (Health and Saf. Code, § 11377, subd. (a)). The People alleged defendant served two prior prison terms (Pen. Code, § 667.5, subd. (b)), was previously convicted of two strike offenses (*id.*, §§ 667, subd. (b)-(i) & 1170.12), and was "eligible for a three strikes life sentence" pursuant to Penal Code sections 667, subdivision (e)(2)(C)(iii) and 1170.12, subdivision (c)(2)(C)(iii).

The case went to trial, where, as relevant here, the trial court instructed the jury with CALCRIM No. 1820 as follows: "The defendant is charged in Count 3 with unlawfully taking or driving a vehicle.

"To prove that the defendant is guilty of this crime, the People must prove that:

"1.      The defendant took someone else's vehicle without the owner's consent;

"2.      When the defendant took the vehicle, he intended to deprive the owner of possession or ownership of the vehicle for any period of time; and

"3.      The vehicle was worth more than $950.

"Even if you conclude that the owner had allowed the defendant to take or drive the vehicle before you may not conclude that the owner consented to the driving or taking on March 15, 2019[,] based on that previous consent alone."

The jury found defendant guilty of vehicle theft, receiving a stolen vehicle, and being a felon in possession of a firearm (while armed with a firearm). The jury could not reach a verdict on the remaining charges, and they were dismissed. In a subsequent bench trial, the trial court found the prior strike convictions true.

The trial court sentenced defendant to two years in prison, doubled due to the strikes, for the vehicle theft conviction, plus 25 years to life for the firearm possession conviction. The court imposed and stayed a four-year term for receiving a stolen vehicle. (Pen. Code, § 654.)

DISCUSSION

On appeal, defendant contends insufficient evidence supports his convictions for vehicle theft and receipt of a stolen vehicle. Specifically, he contends there is no evidence the Beetle was stolen because he had the owner's consent to take it. There may be evidence of "posttheft driving," he argues, but the jury was not instructed on that theory of vehicle theft. He adds that because there is insufficient evidence the Beetle was stolen, there is insufficient evidence that he received stolen property. As we next explain, we agree.

I

*Instructional Error*

In response to defendant's claim on appeal, the People argue that "although not framed in such a way, the heart of [defendant]'s claim is instructional error" because the jury was not instructed on posttheft *driving*. The People contend that had the jury been

3

properly instructed on posttheft driving (as opposed to taking with intent to deprive), there *would* be sufficient evidence to sustain the conviction on that alternate theory of vehicle theft. We do not find this analysis persuasive.

Vehicle Code section 10851 "speaks in the alternative: a person can violate that section by driving *or* taking a vehicle. The acts constituting driving a vehicle and taking a vehicle are separate and distinct."[1] (*People v. Barrick* (1982) 33 Cal.3d 115, 135, superseded by statute on other grounds; see also *People v. Lara* (2019) 6 Cal.5th 1128, 1135-1136.)

Thus, there are two theories under which a defendant can be convicted of vehicle theft. Accordingly, the standard jury instructions propose alternate instructions: "The defendant is charged [in Count ___] with unlawfully taking or driving a vehicle [in violation of Vehicle Code section 10851].

"To prove that the defendant is guilty of this crime, the People must prove that:

"<Alternative A—taking with intent to deprive>

"[1. The defendant took someone else's vehicle without the owner's consent;

"2. When the defendant took the vehicle, (he/she) intended to deprive the owner of possession or ownership of the vehicle for any period of time;
"AND

"3. The vehicle was worth more than $950.]

***"[OR]***

"<Alternative B—posttheft driving>

"[1. The defendant drove someone else's vehicle without the owner's consent;
"AND

"2. When the defendant drove the vehicle, (he/she) intended to deprive the owner of possession or ownership of the vehicle for any period of time.]" (CALCRIM No. 1820, emphasis added.)

---

[1] Further undesignated statutory references are to the Vehicle Code.

It is well-settled that an appellate court "cannot look to legal theories *not before the jury* in seeking to reconcile a jury verdict with the substantial evidence rule." (*People v. Kunkin* (1973) 9 Cal.3d 245, 251, italics added.)  Here, relative to the charge of vehicle theft, it is undisputed that the jury was instructed only on the theory defendant *took* the Beetle without the owner's consent and with the intent to deprive, "Alternative A."  The jury was not instructed on the alternate theory that defendant *drove* the Beetle without the owner's consent, "Alternative B --posttheft driving."  Regardless of whether, as the People contend, the trial court erred by failing to give Alternative B, we cannot review defendant's conviction for sufficient evidence based on that theory because *it was not presented to the jury*.  (See *Kunkin,* at p. 251.)  The People's do not address this deficiency in their argument, and their argument fails.

## II

### *Sufficiency of Evidence*

On an appeal challenging the sufficiency of the evidence, "we review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence--that is, evidence that is reasonable, credible, and of solid value-- from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt."  (*People v. Thomas* (1992) 2 Cal.4th 489, 514.)

A.  *Vehicle Theft*

As we have described above, defendant was charged with vehicle theft and tried solely on the theory that he took the Beetle without the owner's consent.  To convict defendant of that crime, the People were required to prove:  (1) the defendant took a vehicle belonging to another person; (2) the owner of the vehicle did not consent to the taking; and (3) the defendant had the specific intent to deprive the owner either permanently of temporarily of title to or possession of the vehicle.  (§ 10851; CALCRIM No. 1820.)  Nonconsent of the owner is a necessary element of the offense.  (*People v. Lam* (2004) 122 Cal.App.4th 1297, 1301.)

Neither party disputes defendant initially had consent from Avis to take the Beetle, nor does either party dispute that defendant exceeded the scope of that consent when he

5

failed to return the Beetle as he had contracted to do. But exceeding the scope of the owner's consent does not change the fact that the owner originally *did* consent to the taking. (See *People v. Cook* (1964) 228 Cal.App.2d 716, 721 [consent obtained through misrepresentation is still consent]; see also *People v. Donnell* (1973) 32 Cal.3d 613, 617-618; *People v. Hutchings* (1966) 242 Cal.App.2d 294, 295 [exceeding time of consent may result in *driving* without consent of the owner].) Indeed, the People do not argue to the contrary. Because there is no evidence defendant *took* the Beetle without Avis's consent, there is insufficient evidence to support his conviction for vehicle theft.

The dissent posits that the evidence of lack of consent was sufficient despite the rental agreement, citing yet another theory that was not presented to the jury, "fraud in the factum" or "fraud in the fact." Citing *People v. Stuedemann* (2007) 156 Cal.App.4th 1, at page 7, a case concerning a consensual massage that was instead a series of nonconsensual sex acts, the dissent accurately describes the theory of fraud in fact as "limited to those narrow situations in which the victim consented to the defendant's act but, because the victim believed the essential characteristics of the act consented to were different from the characteristics of the act the defendant actually committed, the victim was incapable of resisting the act actually committed because the victim was ignorant (or 'unconscious') of the true nature of the act permitted." (Conc. & dis. opn., *post*, p. 2.)

As we have discussed above, this theory fails at the gate, as it was not presented to the jury (see *People v. Kunkin, supra,* 9 Cal.3d at p. 251; CALCRIM No. 1805 [theft by trick]), but it fails even if given full consideration as a viable option for upholding the jury's verdict here. This is because Avis clearly consented to the "essential characteristics of the act" (*People v. Stuedemann, supra,* 156 Cal.App.4th at p. 7) where, as here, the "act" was defendant's rental of the car, which resulted (as expected by Avis) in defendant's initial taking and subsequent driving of the car. These are the acts to which Avis consented and these are the acts defendant did. *Stuedemann* is inapposite.

Assuming, as does the dissent and as the jury found (see CALCRIM No. 1820, Alternative A, Element 2), that defendant at all times intended to take the car permanently, as evidenced in part by his inoperative method of payment and his lack of

communication with Avis, and examining his conduct for "fraud," the conduct here is more properly characterized as fraud in the inducement, where "the victim is fraudulently induced to consent to the doing of act X and the perpetrator of the fraud does commit act X." (*People v. Harris* (1979) 93 Cal.App.3d 103, 114.) Defendant fraudulently induced Avis to rent him a car to possess and drive for a limited time. He then possessed and drove the car, which is precisely what he represented to Avis that he would do. Although he failed to timely return the car and failed to compensate Avis for his time of possession, this does not negate Avis's consent to the original taking. "Fraud in the inducement does not vitiate consent." (*Ibid.*)

As relevant here, *People v. Harris, supra,* 93 Cal.App.3d 103, was a kidnapping case that analyzed the "nonconsensual asportation" requirement in the context of instructional error. (*Id.* at p. 114.) Although it contains some useful language regarding the different types of fraud, which we have quoted above and on which the dissent relies (conc. & dis. opn., *post*, p. 2), it is not on point to the instant case.

The dissent relies primarily on *People v. Perez* (1962) 203 Cal.App.2d 397, a case from more than 60 years ago concerning the predecessor statute to section 10851. (Conc. & dis. opn., *post*, p. 1.) Although the *Perez* court found sufficient evidence to sustain the section 10851 conviction, the opinion reveals neither how the jury was instructed nor, more precisely, whether the jury was instructed on both taking and driving without consent, and the opinion's analysis of sufficiency focuses on the intent requirement rather than lack of consent. (*Perez*, at pp. 399-400.) In *Perez*, the victim "gave permission to defendant to keep the car for three days to accomplish" the represented purpose of taking the car to get "some work done on the car" and "make a sale to" a third party. (*Id.* at p. 399.) "In truth and fact [the buyer] never saw or discussed purchase of the car with defendant or anyone else." (*Ibid.*) In other words, Perez took the car for a represented purpose *completely different* than his actual purpose. Here, as we have explained, defendant's represented purpose was to possess and drive the car--and he did so. *Perez* is inapposite.

7

Indeed, *People v. Cook, supra,* 228 Cal.App.2d 716, distinguished *Perez* as "an example of *fraud in the factum,* since the owner [in *Perez*] never intended that the defendant would acquire possession of the car for his own use." (*Cook*, at p. 720.) Here, as we have discussed, Avis clearly consented to defendant acquiring possession of the car for his own use. Indeed, that was the very essence of the agreement, regardless of whether Avis's consent to that taking was induced by fraudulent means. In reversing Cook's conviction under section 10851 for insufficient evidence of lack of consent, the *Cook* court observed that: "[S]ection 10851 . . . makes no reference to fraud, false pretense or trick and device, the pertinent words being, 'Any person who drives or takes a vehicle not his own, without the consent of the owner. . . .' " (*Cook*, at pp. 719-720.) Here, as in *Cook*, defendant was "convicted under . . . section 10851, the essence of which is the taking without consent, not fraud." (*Id*. at p. 720.) Here, as in *Cook*, there is insufficient evidence of taking without consent.

B. *Receipt of Stolen Property*

Defendant was charged with receiving stolen property--the Beetle.[2] "To sustain a conviction for receiving stolen property, the prosecution must prove: (1) the property was stolen; (2) the defendant knew the property was stolen . . . ; and, (3) the defendant had possession of the stolen property." (*People v. Russell* (2006) 144 Cal.App.4th 1415, 1425.) As we explained above, the evidence adduced at trial was insufficient to support defendant's conviction for vehicle theft. Because there is insufficient evidence the Beetle was stolen, there necessarily is insufficient evidence to sustain defendant's conviction for receiving stolen property.

---

[2] We note that defendant could not properly be convicted of both taking the Beetle without Avis's consent *and* receiving the Beetle as stolen property. (See *People v. Jamarillo* (1976) 16 Cal.3d 752, 759; *People v. Garza* (2005) 35 Cal.4th 866, 876-877.) Because we are reversing both convictions for insufficient evidence, we need not and do not address this error further.

8

DISPOSITION

Defendant's convictions for vehicle theft and receipt of stolen property are reversed for insufficient evidence and the case is remanded for resentencing under current law. The judgment is otherwise affirmed.

 

 

 

_____/s/_____
Duarte, J.

 

I concur:

 

 

_____/s/_____
Boulware Eurie, J.

9

ROBIE, Acting P.J., Concurring and Dissenting.

I respectfully dissent from the majority's opinion that insufficient evidence supports defendant's conviction for theft of a vehicle. I would instead affirm defendant's conviction based on a theory defendant took the vehicle without consent. *People v. Cook* (1964) 228 Cal.App.2d 716, 721, stands for the proposition that consent for purposes of Vehicle Code section 10851 may be achieved through inducement. There, the appellate court held the defendant was guilty of neither taking nor driving a vehicle without consent because the owner of the vehicle intended to sell it to the defendant, and thus consented to the defendant's taking of the car for all time and driving the car for all purposes. (*Cook*, at pp. 720-721.) But the *Cook* court also recognized that a different type of fraud may vitiate consent. Specifically, the *Cook* court pointed to *People v. Perez* (1962) 203 Cal.App.2d 397, where the defendant obtained possession of a car by falsely stating that he had a buyer for it, and "[h]e was given permission by the owner to keep the car for three days to make the sale." (*Cook*, at p. 720.) The defendant never returned the car, and his conviction of violating section 10851 was affirmed. (*Cook*, at p. 720; *Perez*, at pp. 399, 402.) As the *Cook* court stated, this constituted "fraud in the factum, since the owner never intended that the defendant would acquire possession of the car for his own use." (*Cook*, at p. 720, italics omitted.) The *Cook* court explained that this form of fraud "gives rise to no consent at all." (*Ibid.*)

*Cook* was later followed by *People v. Harris* (1979) 93 Cal.App.3d 103, which explained as follows: "On the issue of consent, from an analytic standpoint, there are two kinds of fraud: fraud in the fact and fraud in the inducement. The distinction between the two is as follows: in fraud in the fact, the victim is fraudulently induced to consent to the doing of act X; the perpetrator of the fraud, in the guise of doing act X, actually does act Y; in fraud in the inducement, the victim is fraudulently induced to consent to the doing of act X and the perpetrator of the fraud does commit act X. [¶] Fraud in the fact, it has been said, vitiates consent. (See 1 Witkin, Cal. Crimes, § 290.) It appears equally reasonable to say that where there is fraud in the fact, there was no consent to begin with. Consent that act X may be done is not consent that act Y be done, when act Y is the act

1

complained of.  [¶]  On the other hand, fraud in the inducement does not vitiate consent." (*Harris*, at pp. 113-114.)

*People v. Stuedemann* (2007) 156 Cal.App.4th 1, 7, further elaborated on the difference between fraud in the fact and fraud in the inducement.  There, the appellate court explained, "[T]he concept of fraud in fact appears limited to those narrow situations in which the victim consented to the defendant's act but, because the victim believed the essential characteristics of the act consented to were different from the characteristics of the act the defendant actually committed, the victim was incapable of resisting the act actually committed because the victim was ignorant (or 'unconscious') of the true nature of the act permitted." (*Ibid.*)

The act at issue here is taking of a vehicle without the owner's consent.  Defendant entered a contract with Avis that he would take the rental car for one day.  Sufficient evidence supports the inference that defendant never intended to take the car for one day but intended to take it permanently.  Indeed, defendant gave an inoperative method of payment and ceased all communication with Avis once he took possession of the car.  An essential characteristic of the consent to defendant's act of taking the rental car was that defendant would take the car for a single day.  Because of Avis's reliance on that fraud, Avis was powerless to resist the true nature of defendant's act, which was to take the car permanently.  Thus, I would conclude that defendant's fraud was fraud in the fact and capable of vitiating the consent of Avis, making it such that sufficient evidence supported defendant's conviction for taking a vehicle without consent of the owner.

2

I would, however, still reverse defendant's conviction for receiving stolen property.  The law is clear that " '[a] person who violates [Vehicle Code] section 10851[, subdivision ](a) by taking a car with the intent to permanently deprive the owner of possession, and who is convicted of that offense on that basis, cannot also be convicted of receiving the same vehicle as stolen property.' "  (*People v. Bullard* (2020) 9 Cal.5th 94, 103.)  In the case of improper dual convictions, the proper practice is to "revers[e] a receiving stolen property conviction when the defendant is also convicted of stealing the property."  (*People v. Ceja* (2010) 49 Cal.4th 1, 10.)


                                       /s/
                                ROBIE, Acting P.J.