[No. C036014. Third Dist. Mar. 14, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
STEPHEN RAY FISHER, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

## COUNSEL

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, J. Robert Jibson and Charles A. French, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HULL, J.**—In the published portion of this opinion we decide that law enforcement officers are not required to abandon a search for marijuana authorized by a search warrant when a resident of the premises to be searched produces documents that suggest he has a physician's permission to possess the marijuana pursuant to the Compassionate Use Act of 1996, codified as Health and Safety Code section 11362.5 (all unspecified statutory references are to the Health and Safety Code).

### FACTS AND PROCEDURAL HISTORY

On July 30, 1999, a Siskiyou County deputy sheriff participating in a flyover of defendant Stephen Ray Fisher's property observed "at least three marijuana plants" behind defendant's home. Based on this observation, a search warrant was issued for defendant's residence, and on August 4, officers went to defendant's residence to serve the warrant.

Before the officers could execute the warrant, defendant acknowledged that the marijuana behind the residence was his but showed the officers a "certificate" purporting to be a physician's permission to possess the marijuana for medicinal use in accordance with section 11362.5. Although the officers were unsure at that point whether a crime had been committed, they searched defendant's residence, because they thought there remained the "possibility" a crime was being committed. The search revealed additional marijuana, as well as a cane sword and ammunition.

Defendant was charged with various counts based on his possession of marijuana (§§ 11358, 11359, 11360). He also was charged with unlawful possession of a cane sword (Pen. Code, § 12020), possession of ammunition by one previously convicted of a felony (Pen. Code, § 12316, subd. (b)(1)), and theft by false pretenses (Pen. Code, § 484), the latter charge arising out of defendant's acceptance of money as a caregiver in dispensing the marijuana.

Defendant moved to suppress the evidence (Pen. Code, § 1538.5), arguing that, once the officers were shown the certificate, probable cause for the search no longer existed. He contended also that the search warrant was overbroad. After considering the evidence relating to the search, the court denied the motion. A jury thereafter convicted defendant of unlawful possession of the cane sword and the ammunition and acquitted him of the remaining charges. The court placed defendant on probation.

On appeal, defendant challenges the court's denial of his suppression motion, renewing the arguments he made in the superior court. We, too, reject those arguments and affirm the judgment.

## Discussion

### I

### *The Motion to Suppress*

Defendant argues: "Upon realizing that [he] was, to all appearances, not committing any crime, [the officers] had a duty, at a minimum, to apprise the issuing magistrate of this change of circumstances, and request some guidance as to his course of action. [The officers] should not have continued with the search of [defendant's] home knowing that the circumstances that had once supported probable cause . . . had drastically changed." ▬ According to defendant, once he claimed he had the recommendation of a physician for the use of the marijuana, the officers should have forthwith ceased their search until they determined the validity of his claim. We disagree.

We note first that the search warrant, addressed to the law enforcement officers who were to execute it, said, in part, "you are therefore Commanded to Search" (original capitalization) the premises. A search warrant is not an invitation that officers can choose to accept, or reject, or ignore, as they wish, or think, they should. It is an order of the court. To the extent defendant suggests that the officers, themselves, should have, or even could

have, chosen not to exercise the warrant, or had the option to make a redetermination of probable cause when they were confronted with defendant's claim that he possessed the marijuana legally, defendant misperceives the nature of a search warrant. He also misperceives who determines the existence of probable cause; it is not the officers.

The best defendant can argue, and he does, is that the officers, when confronted with defendant's claim that his possession of marijuana was legally justified, should have secured the house, investigated defendant's claim and returned to the court for further instructions.

While perhaps there could be circumstances where law enforcement officers, at the time they execute a warrant, are confronted with facts that are so fundamentally different from those upon which the warrant was issued that they should seek further guidance from the court, this is not one of them.

In relevant part, section 11362.5 provides: "(d) Section 11357, relating to the possession of marijuana, and Section 11358, relating to the cultivation of marijuana, shall not apply to the patient, or to a patient's primary caregiver, who possesses or cultivates marijuana for the personal medical purposes of the patient upon the written or oral recommendation or approval of a physician."

■ " 'It is well established that where a statute first defines an offense in unconditional terms and then specifies an exception to its operation, the exception is an affirmative defense to be raised and proved by the defendant. [Citations.] . . . " '[T]he question is whether the exception is so incorporated with, and becomes a part of the enactment, as to constitute a part of the definition, or description of the offense; for it is immaterial whether the exception or proviso be contained in the enacting clause or section, or be introduced in a different manner. It is the nature of the exception and not its location which determines the question. . . .' " *Thus, where exceptions or provisos are not descriptive of the offense, or define it, but rather afford a matter of excuse, "they are to be relied on in [the] defense."* [Citations.]' " (*People v. Spry* (1997) 58 Cal.App.4th 1345, 1364 [68 Cal.Rptr.2d 691].)

■ Nowhere in section 11362.5 is *any* criminal offense defined. Subdivision (d) of section 11362.5 does no more than refer to the offenses already defined in sections 11357 (possession of marijuana) and 11358 (cultivation of marijuana) and creates an exception to their applicability. ■ Because the exception provided by subdivision (d) does not constitute any part of the definition of the offenses described by sections 11357 and

11358, the exception constitutes an affirmative defense to be proven by the defendant at trial. This conclusion comports with the rebuttal argument against Proposition 215, the initiative measure enacting section 11362.5, contained in the ballot pamphlet, which reads: "Police officers can still arrest anyone who grows too much, or tries to sell it. . . . [¶] . . . Police officers can still arrest anyone for marijuana offenses. Proposition 215 simply gives those arrested a defense in court, *if they can prove they used marijuana with a doctor's approval.*" (Ballot Pamp., Gen. Elec. (Nov. 5, 1996) rebuttal to argument against Prop. 215, p. 61.)

It is not unfair or unusual to treat a statutory exception as an affirmative defense. ■ "As far back as the case of *People v. Boo Doo Hong* (1898), 122 Cal. 606 [55 P. 402], it has been the law that when a license or prescription would be a complete defense, the burden is upon the accused to prove that fact so clearly within his knowledge." (*People v. Martinez* (1953) 117 Cal.App.2d 701, 708 [256 P.2d 1028]; see also *People v. Fuentes* (1990) 224 Cal.App.3d 1041, 1046 [274 Cal.Rptr. 17] [burden of proving authorization for possession of hypodermic needle pursuant to Bus. & Prof. Code, former § 4149 is on defendant].)

■ Defendant's claim to the officers that he had a certificate that allowed him to legally possess marijuana for medicinal purposes asserted an affirmative defense. Investigation of the truth and legal effect of defenses to criminal charges is what motions and trials are for; to hold otherwise would create disorder and confusion. The defendant's argument has no merit.

## II*

*Overbreadth*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## Disposition

The judgment is affirmed.

Sims, Acting P. J., and Callahan, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 12, 2002. Baxter, J., did not participate therein. Kennard, J., was of the opinion that the petition should be granted.

---

*See footnote, *ante*, page 1147.