BILL LOCKYER Attorney General GREGORY L. GONOT Deputy Attorney General
THE HONORABLE ANTHONY J. CRAVER, SHERIFF-CORONER, COUNTY OF MENDOCINO, has requested an opinion on the following question:
Is concentrated cannabis or hashish included within the meaning of "marijuana" as that term is used in the Compassionate Use Act of 1996?
CONCLUSION
Concentrated cannabis or hashish is included within the meaning of "marijuana" as that term is used in the Compassionate Use Act of 1996.
ANALYSIS
On November 5, 1996, the voters of California adopted Proposition 215, an initiative statute authorizing the medical use of marijuana. (People v. Mower (2002) 28 Cal.4th 457, 463; People v. Bianco (2001)93 Cal.App.4th 748, 751; People v. Rigo (1999) 69 Cal.App.4th 409, 412.) The measure added section 11362.5 to the Health and Safety Code[1] and entitled the statute the "Compassionate Use Act of 1996." (§ 11362.5, subd. (a).) Section11362.5 "creates an exception to California laws prohibiting the possession and cultivation of marijuana." (United States v. Oakland Cannabis Buyers' Cooperative (2001) 532 U.S. 483, 486.) "These prohibitions no longer apply to a patient or his primary caregiver who possesses or cultivates marijuana for the patient's medical purposes upon the recommendation or approval of a physician." (Ibid.; see People v. Mower, supra, 28 Cal.4th at pp. 471-474; People v. Galambos (2002)104 Cal.App.4th 1147, 1160-1162; People v. Young (2001) 92 Cal.App.4th 229, 235.)[2] We are asked to determine whether section11362.5's reference to "marijuana" includes concentrated cannabis or hashish. We conclude that it does.
Section 11362.5 provides:
"(a) This section shall be known and may be cited as the Compassionate Use Act of 1996.
"(b)(1) The people of the State of California hereby find and declare that the purposes of the Compassionate Use Act of 1996 are as follows:
"(A) To ensure that seriously ill Californians have the right to obtain and use marijuana for medical purposes where that medical use is deemed appropriate and has been recommended by a physician who has determined that the person's health would benefit from the use of marijuana in the treatment of cancer, anorexia, AIDS, chronic pain, spasticity, glaucoma, arthritis, migraine, or any other illness for which marijuana provides relief.
"(B) To ensure that patients and their primary caregivers who obtain and use marijuana for medical purposes upon the
recommendation of a physician are not subject to criminal prosecution or sanction.
"(C) To encourage the federal and state governments to implement a plan to provide for the safe and affordable distribution of marijuana to all patients in medical need of marijuana.
"(2) Nothing in this section shall be construed to supersede legislation prohibiting persons from engaging in conduct that endangers others, nor to condone the diversion of marijuana for nonmedical purposes.
"(c) Notwithstanding any other provision of law, no physician in this state shall be punished, or denied any right or privilege, for having recommended marijuana to a patient for medical purposes.
"(d) Section 11357, relating to the possession of marijuana, and Section 11358, relating to the cultivation of marijuana, shall not apply to a patient, or to a patient's primary caregiver, who possesses or cultivates marijuana for the personal medical purposes of the patient upon the written or oral recommendation or approval of a physician.
"(e) For the purposes of this section, `primary caregiver' means the individual designated by the person exempted under this section who has consistently assumed responsibility for the housing, health, or safety of that person."
Section 11362.5 uses only the term "marijuana" and contains no direct reference to "concentrated cannabis" or "hashish."
Although section 11362.5 does not define the term "marijuana," the statute is part of the California Uniform Controlled Substances Act (§§ 11000-11651; "Act"), which contains the following definition of marijuana in section 11018:
"`Marijuana' means all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seeds or resin. It does not include the mature stalks of the plant, fiber produced from the stalks, oil or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture, or preparation of the mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of the plant which is incapable of germination."
Federal law has a similar definition of marijuana. (21 U.S.C. § 802(16); see People v. Hamilton (1980) 105 Cal.App.3d 113,116-117; People v. Van Alstyne (1975) 46 Cal.App.3d 900, 916; United States v. Kelly (9th Cir. 1976) 527 F.2d 961, 963-964; U.S. v. Schultz (S.D.Ohio 1992) 810 F. Supp. 230, 233; cf. Haynes v. State (1975)54 Ala. App. 714, 717-718 [312 So.2d 406].) "Unless the context otherwise requires" (§ 11001), the definition of marijuana found in section 11018 controls our interpretation of section 11362.5.
"Concentrated cannabis" is defined for purposes of the Act, "[u] nless the context otherwise requires" (§ 11001), in section 11006.5: "`Concentrated cannabis' means the separated resin, whether crude or purified, obtained from marijuana." Concentrated cannabis "includes hashish" (Hooks v. State Personnel Board (1980) 111 Cal.App.3d 572, 579), which is commonly defined as "[a] form of cannabis that consists largely of resin from the flowering tops and sprouts of cultivated female plants" (Stedman's Medical Dict. (5th ed. 1982), p. 621).[3]
Tetrahydrocannabinol ("THC") is marijuana's most active pharmacological ingredient. (People v. Rigo, supra, 69 Cal.App.4th at p. 413; People v. Hamilton, supra, 105 Cal.App.3d at p. 116; People v. Van Alstyne, supra, 46 Cal.App.3d at pp. 910, 917.) We are informed that the THC level of ordinary marijuana varies widely from 5 to 60 percent; for concentrated cannabis, as defined in section 11006.5, it may range up to 70 percent. The quality, purity, and strength of ordinary marijuana and concentrated cannabis, including hashish, depend upon a number of different factors. (See People v. Hamilton, supra, 105 Cal.App.3d at pp. 115-116; People v. Van Alstyne, supra, 46 Cal.App.3d at pp. 909-911; U.S. v. Schultz, supra, 810 F. Supp. at pp. 231-234; Haynes v. State, supra, 312 So.2d at pp. 717-719.)
Returning to the language of section 11362.5, we find that subdivision (d) provides the operative terms of the statute. If a patient or caregiver "possesses or cultivates marijuana for the personal medical purposes of the patient upon the written or oral recommendation or approval of a physician," two statutes do not apply to the patient or caregiver: "Section 11357, relating to the possession of marijuana, and Section 11358, relating to the cultivation of marijuana." (See People v. Fisher (2002)96 Cal.App.4th 1147, 1151-1152; People v. Bianco, supra, 93 Cal.App.4th at p. 751; People v. Rigo, supra, 69 Cal.App.4th at p. 412; People ex rel. Lungren v. Peron, supra, 59 Cal.App.4th at pp. 1387-1394; People v. Trippet (1997) 56 Cal.App.4th 1532, 1550.) Section11357 states:
"(a) Except as authorized by law, every person who possesses any concentrated cannabis shall be punished by imprisonment in the county jail for a period of not more than one year or by a fine of not more than five hundred dollars ($500), or by both such fine and imprisonment, or shall be punished by imprisonment in the state prison.
"(b) Except as authorized by law, every person who possesses not more than 28.5 grams of marijuana other than concentrated cannabis, is guilty of a misdemeanor and shall be punished by a fine of not more than one hundred dollars ($100)). . . .
"(c) Except as authorized by law, every person who possesses more than 28.5 grams of marijuana, other than concentrated cannabis, shall be punished by imprisonment in the county jail for a period of not more than six months or by a fine of not more than five hundred dollars ($500), or by both such fine and imprisonment.
"(d) Except as authorized by law, every person 18 years of age or over who possesses not more than 28.5 grams of marijuana, other than concentrated cannabis, upon the grounds of, or within, any school providing instruction in kindergarten or any of grades 1 through 12 during hours the school is open for classes or school — related programs is guilty of a misdemeanor and shall be punished by a fine of not more than five hundred dollars ($500), or by
imprisonment in the county jail for a period of not more than 10 days, or both.
"(e) Except as authorized by law, every person under the age of 18 who possesses not more than 28.5 grams of marijuana, other than concentrated cannabis, upon the grounds of, or within, any school providing instruction in kindergarten or any of grades 1 through 12 during hours the school is open for classes or school-related programs is guilty of a misdemeanor and shall be subject to the following dispositions:
"(1) A fine of not more than two hundred fifty dollars ($250), upon a finding that a first offense has been committed.
"(2) A fine of not more than five hundred dollars ($500), or commitment to a juvenile hall, ranch, camp, forestry camp, or secure juvenile home for a period of not more than 10 days, or both, upon a finding that a second or subsequent offense has been committed."
Section 11358 provides:
"Every person who plants, cultivates, harvests, dries, or processes any marijuana or any part thereof, except as otherwise provided by law, shall be punished by imprisonment in the state prison."
We believe that concentrated cannabis comes within the provisions of section 11362.5 for several reasons. First, the statutory definition of marijuana for purposes of the Act as set forth in section 11018 plainly includes concentrated cannabis. Concentrated cannabis is "the separated resin . . . obtained from marijuana" (§ 11006.5) and thus constitutes "the resin extracted from any part of the plant" (§ 11018). In the context of section11362.5, we find neither intent nor need to construe the term "marijuana" any differently from the definition contained in section 11018. "Both the Legislature and the electorate by the initiative process are deemed to be aware of laws in effect at the time they enact new laws and are conclusively presumed to have enacted the new laws in light of existing laws having direct bearing upon them. [ Citations.]" (Williams v. County of San Joaquin (1990)225 Cal.App.3d 1326, 1332.)
Second, section 11357 uses the phrase "other than concentrated cannabis" when concentrated cannabis is intended to be distinguished from ordinary marijuana. The framers of Proposition 215 did not employ similar exclusionary language for concentrated cannabis when they proposed the Compassionate Use Act of 1996. "Where a statute on a particular subject omits a particular provision, the inclusion of such a provision in another statute concerning a related matter indicates an intent that the provision is not applicable to the statute from which it was omitted." (Marsh v. Edwards Theatres Circuit, Inc. (1976)64 Cal.App.3d 881, 891; see also Traverso v. People ex rel. Dept. of Transportation (1993) 6 Cal.4th 1152, 1166; Holmes v. Jones (2000)83 Cal.App.4th 882, 890; People ex rel. Lungren v. Peron, supra, 59 Cal.App.4th at p. 1392; People v. Trippet, supra, 56 Cal.App.4th at p. 1550.)[4]
Of course, if concentrated cannabis were not "marijuana" in the first instance, there would be no need in section 11357 to employ the phrase "other than concentrated cannabis." "Where reasonably possible, we avoid statutory constructions that render particular provisions superfluous or unnecessary. [Citations.]" (Dix v. Superior Court (1991) 53 Cal.3d 442, 459.) The contrary construction with respect to section 11357 would mean that a person could not possess concentrated cannabis for medical purposes under section11357 but could process it for such purposes pursuant to section 11358. "[W]e consider portions of a statute in the context of the entire statute and the statutory scheme of which it is a part" (Curle v. Superior Court (2001) 24 Cal.4th 1057,1063) "`"in order to achieve harmony among the parts"'" (People v. Hull (1991) 1 Cal.4th 266, 272) "and avoid an interpretation that would lead to absurd consequences" (People v. Jenkins (1995) 10 Cal.4th 234, 246; accord, Wilcox v. Birtwhistle (1999) 21 Cal.4th 973, 978).
Most significantly, as previously mentioned, the provisions of section11357 are expressly rendered inapplicable under the conditions specified in section 11362.5, and the first subdivision of section 11357 sets forth the penalty for possession of "concentrated cannabis." Hence, it is manifest that one may possess concentrated cannabis without violating the terms of section 11357 as long as the requirements of section11362.5 are met.[5]
Finally, we have carefully reviewed the ballot materials accompanying Proposition 215 and have found nothing therein to indicate that the voters intended for concentrated cannabis to be treated differently from ordinary marijuana when used for medical purposes. (See People v. Trippet, supra, 56 Cal.App.4th at pp. 1545-1546.) Proposition 215 was approved by the voters without specificity as to the strength, quality, or quantity of marijuana to be used for medical purposes as long as the use is reasonably related to the patient's current medical needs and was recommended or approved by a physician. (See People v. Mower, supra, 28 Cal.4th at pp. 471-474; People v. Galambos, supra, 104 Cal.App.4th at pp. 1161-1162, 1165-1168; People v. Rigo, supra, 69 Cal.App.4th at pp. 413, 415; People ex rel. Lungren v. Peron, 59 Cal.App.4th at p. 1394; People v. Trippet, supra, 56 Cal.App.4th at pp. 1545-1549.) If anything, the fact that ordinary marijuana and concentrated cannabis, including hashish, may have similar levels of THC supports our interpretation that the terms of section 11362.5 apply to concentrated cannabis.
We conclude that concentrated cannabis or hashish is included within the meaning of "marijuana" as that term is used in the Compassionate Use Act of 1996.
[1] All references hereafter to the Health and Safety Code are by section number only.
[2] The possession and distribution of marijuana remain unlawful under the federal Controlled Substances Act (21 U.S.C. § 801 et seq.). (People ex rel. Lungren v. Peron (1997) 59 Cal.App.4th 1383,1387, fn. 2.) The federal law contains no medical necessity exception. (United States v. Oakland Cannabis Buyers' Cooperative, supra, 532 U.S. at p. 486; People v. Mower, supra, 28 Cal.4th at p. 465, fn. 2; People v. Bianco, supra, 93 Cal.App.4th at p. 753.)]
[3] Accordingly, we will treat concentrated cannabis and hashish as being equivalent for purposes of our analysis.
[4] "In interpreting a voter initiative . . . we apply the same principles that govern statutory construction. [Citation.]" (People v. Rizo (2000) 22 Cal.4th 681, 685.)
[5] We view the phrase "relating to the possession of marijuana" contained in subdivision (d) of section 11362.5
as an abbreviated description of section 11357's provisions rather than as a limitation upon such provisions in a manner intended to exclude the possession of concentrated cannabis. (See, e.g., People ex rel. Lungren v. Peron, supra, 59 Cal.App.4th at pp. 1386, 1394, 1400.)