[No. D043313. Fourth Dist., Div. One. Oct. 4, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
HAI T. LAM, Defendant and Appellant.

**COUNSEL**

Patrick E. DuNah, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, and Elizabeth S. Voorhies, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**McDONALD, J.**—A jury convicted Hai Thanh Lam of discharging a firearm in a grossly negligent manner (Pen. Code, § 246.3),[1] discharging a firearm at an unoccupied motor vehicle (§ 247, subd. (b)) and being a felon in possession of a firearm (§ 12021, subd. (a)(1)). Lam admitted two prior prison convictions within the meaning of section 667.5, subdivision (b). The court sentenced Lam to prison for four years.

Lam appeals, contending: (1) the court erred by not instructing the jury on all elements of the offense of discharging a firearm at an unoccupied motor vehicle, thereby denying Lam due process of law and the right to a jury determination of all issues; and (2) the evidence is insufficient to support Lam's conviction for discharging a firearm at an unoccupied motor vehicle. We affirm the judgment.

FACTS

On January 8, 2003, Lam's friend Jenny Nguyen was in her second-floor apartment on Maple Avenue in La Mesa. Nguyen's friend Danny Du was also in her apartment. Nguyen knew Lam through her husband, who worked with Lam at Lam's automobile repair shop. Nguyen said she and Lam were best friends, but she thought Lam was romantically interested in her.

At about 3:00 or 4:00 p.m., Lam went to Nguyen's apartment house to retrieve some DVD's and karaoke discs Nguyen had borrowed from him. Nguyen told Lam to come back later because she was not feeling well. Lam returned at about 7:00 or 8:00 p.m., parked his car in front of Nguyen's apartment house and honked his horn. When Lam honked, Nguyen told her friend Vin Lee, who was in her apartment, to go downstairs and return the DVD's to Lam. Lee went downstairs, and Lam told Lee he wanted to talk to Du. When Lam heard Nguyen would not allow Du to speak with him, he appeared angry.

Lam drove away but made a U-turn and stopped his car alongside Du's car, which was also parked on Maple Street. Lam continued to talk to Nguyen, who was on her balcony, about whether Du was going to come down and speak with him. Nguyen then told Lam that Du would meet him at Lam's workplace in 30 minutes. Lam said, "Thirty minutes or now." Nguyen saw Lam's right hand swing up, but she could not see what he was holding. Nguyen then heard two gunshots. Lam drove away, and Nguyen noticed Du's car windows were broken. The front window on the driver's side of Du's car

---

[1] Statutory references are to the Penal Code unless otherwise specified.

was broken, and it appeared a bullet shattered the passenger side rear window. Nguyen called the police and reported the incident. She told the police Lam shot a firearm at Du's car. An officer found a bullet fragment on the rear passenger seat of Du's car.

When Lam called Nguyen that evening, she asked him, "Why did you do that," and Lam replied he had been angry. Police officers arrested Lam shortly after midnight that evening. The officers did not find a weapon in Lam's car or in his house. Lam denied shooting at any motor vehicle, and he stated he did not have access to any firearms. Lam admitted to the officers he was at Nguyen's apartment earlier that day to retrieve some DVD's or CD's and, at Nguyen's request, returned around 7:00 or 8:00 p.m. to pick them up. Lam told an officer he did not hear any gunshots during his later visit to Nguyen's apartment. Lam reported he thought he was "getting played" by Nguyen and Du.

## DISCUSSION

### I

*Instruction on Absence of Permission as an Element of the Charged Crime*

Lam contends the court erred by refusing to instruct the jury that the prosecution must prove the absence of permission of the owner as an element of the charged crime of discharging a firearm at an unoccupied motor vehicle. Therefore, Lam asserts, the court denied him due process of law and the right to a jury determination of all issues. We review the trial court's instructions de novo to determine whether they accurately state the law. (*People v. Alvarez* (1996) 14 Cal.4th 155, 217 [58 Cal.Rptr.2d 385, 926 P.2d 365]; *National Medical Transportation Network v. Deloitte & Touche* (1998) 62 Cal.App.4th 412, 427–428 [72 Cal.Rptr.2d 720].)

### A

Lam was charged and convicted of discharging a firearm at an unoccupied motor vehicle, in violation of section 247, subdivision (b). The jury was instructed on this offense with a portion of CALJIC No. 9.03.2 as follows: "The defendant is accused in Count Two of having violated section 247[, subdivision] (b) of the Penal Code, a crime. [¶] Every person who willfully discharges a firearm at an unoccupied motor vehicle is guilty of a violation of Penal Code section 247[, subdivision] (b). [¶] In order to prove this crime, each of the following elements must be proved: One, a person willfully

discharged a firearm; and two, the discharge of the firearm was directed at an unoccupied motor vehicle."

The court denied Lam's request that the court instruct the jury on an omitted portion of CALJIC No. 9.03.2, which states a person who discharges a firearm at an unoccupied motor vehicle with the consent of the vehicle's owner is not guilty of the crime. The court relied on the CALJIC committee's comment that unless consent is an issue to be resolved by the jury, the prosecution is not required to prove the discharge of the firearm was without the owner's permission.

## B

■ When a statute first defines an offense in unconditional terms and then specifies an exception to its applicability, the exception is generally an affirmative defense to be raised and proved by the defendant. (See *People v. Fisher* (2002) 96 Cal.App.4th 1147, 1151 [117 Cal.Rptr.2d 838]; *People v. Miller* (1999) 69 Cal.App.4th 190, 211 [81 Cal.Rptr.2d 410]; *In re Andre R.* (1984) 158 Cal.App.3d 336, 341 [204 Cal.Rptr. 723].) Section 247, subdivision (b) states: "Any person who discharges a firearm at an unoccupied motor vehicle or an uninhabited building or dwelling house is guilty of a public offense punishable by imprisonment in the county jail for not more than one year or in the state prison. This subdivision does not apply to shooting at an abandoned vehicle, unoccupied vehicle, uninhabited building, or dwelling house with the permission of the owner." ■ Section 247, subdivision (b) defines the offense first in unconditional terms before it specifies the exception to the statute's applicability. The statutory language shows the owner's nonconsent is not an element of the crime for which the prosecution has the burden of proof. Rather, it is an affirmative defense to be raised and proved by the defendant.

The proper interpretation of section 247 is illustrated by the distinction found in Vehicle Code section 10851, subdivision (a), a similar statute under which consent of the owner of the vehicle is treated as an element of the crime rather than an affirmative defense. Under Vehicle Code section 10851, subdivision (a), "Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with the intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle . . . is guilty of a public offense . . . ." (Veh. Code, § 10851, subd. (a).) Under that section, nonconsent of the owner is a necessary element of the crime of the unlawful taking or driving of a vehicle. (See *People v. Carr* (1964) 229 Cal.App.2d 74, 77 [40 Cal.Rptr. 58]; *People v. Cook* (1964) 228 Cal.App.2d 716, 718 [39 Cal.Rptr. 802].) Unlike section 247, subdivision (b), however, Vehicle Code section 10851 does not

define a crime in unconditional terms followed by an exception. Nonconsent in Vehicle Code section 10851 is structurally included as part of the definition of the offense. Thus, under established rules of construction, it follows that unlike the exception in section 247, subdivision (b), the exception in Vehicle Code section 10851 is a necessary element of the offense, for which the prosecution has the burden of proof.

Lam relies on *People v. Gott* (1994) 26 Cal.App.4th 881 [31 Cal.Rptr.2d 840] to argue the absence of permission of the owner is a necessary element the prosecution must prove. The issue in *Gott* was whether the prosecution had the burden of proving an exception to a statute that prohibited the interstate receipt of a substance containing ephedrine of the kind that cannot be transferred under federal law without a permit from the Department of Justice.[2] The defendant in *Gott* was convicted under former Health and Safety Code section 11106. (Stats. 1989, ch. 1133, § 3, pp. 4188–4189.) Subdivision (f) of that section describes the offense, requiring a permit to be obtained for receiving certain substances listed in Health and Safety Code section 11100, including ephedrine. (*Gott,* at p. 884.) However, subdivision (a) of former Health and Safety Code section 11106 exempts from the permit requirement a drug containing ephedrine of the kind that may be lawfully transferred under federal law. (*Gott,* at p. 884.)

Although the court in *Gott* considered the rule that an exception to a defined criminal offense is an affirmative defense if the statute first defines an offense in unconditional terms and then specifies the exception, the court held, " ' "It is the nature of the exception and not its location which determines the question." ' " (*People v. Gott, supra,* 26 Cal.App.4th at p. 886.) The court explained, " ' "The question is whether the exception is so incorporated with, and becomes part of[,] the enactment . . . as to constitute a part of the definition, or description of the offense . . . ." ' " (*Ibid.*) The *Gott* court concluded the exception in former Health and Safety Code section 11106 was so incorporated into the definition or description of the offense that the prosecution had the burden of proving a permit was required under subdivision (a) of the statute. (*Gott,* at p. 889.) To make sense of the offense, the court found it necessary to read the provisions together. (*Id.* at p. 888.) Therefore, the prosecution in *Gott* had the burden of proving the exception in former Health and Safety Code section 11106.

██ Unlike the exception discussed in *Gott,* the exception here is not so incorporated with the offense to become part of its definition. The offense under section 247, subdivision (b) is the discharging of a firearm at an

---

[2] The exception at issue was the criteria for a permit under subdivision (a) of former Health and Safety Code section 11106 (namely, that the substance containing ephedrine is the kind for which a permit is required).

unoccupied motor vehicle. The exception merely clarifies that in the rare situation in which the owner of a vehicle gives another person permission to discharge a firearm at his or her vehicle, the subdivision does not apply. The statute still makes sense without the exception. Even applying *Gott*'s "nature of the exception" test, the exception in section 247, subdivision (b) is not an element of the offense for which the prosecution has the burden of proof.

Our holding here can be further reconciled with the holding in *Gott* under commonsense principles. It would be the rare instance in which an owner of a vehicle gives permission to another to discharge a firearm at his or her vehicle. The exception is not so commonplace that it must necessarily become part of the definition of the offense. It would be unreasonable to define the offense in terms of such a rare occurrence. It would be far more appropriate and efficient to require the defendant to raise the exception as an affirmative defense in the unusual instance in which it is an issue. In contrast, the gist of the offense in *People v. Gott, supra,* 26 Cal.App.4th 881, under former Health and Safety Code section 11106 necessarily considers the exception. The offense is the receiving of a particular substance without a permit, which logically carries with it the burden of showing the substance is of the type for which a permit is required. The exception is not a rare and unlikely example as that in section 247, subdivision (b). Whether the court looks to the language of the statute or applies the test outlined in *Gott*, the permission-of-the-owner exception found in section 247, subdivision (b) is not a necessary element of the offense for which the prosecution has the burden of proof. Thus, the court properly instructed the jury on the elements of shooting at an unoccupied motor vehicle.

II

*Sufficiency of the Evidence*

Lam challenges the sufficiency of the evidence to support his conviction for discharging a firearm at an unoccupied motor vehicle. Lam's contention, however, assumes that the absence of owner permission is a necessary element of the crime, and he argues there is no evidence permission was absent. We need not address Lam's sufficiency of the evidence argument because the absence of owner permission is not an element of the crime for which the prosecution has the burden of proof.

## DISPOSITION

The judgment is affirmed.

McConnell, P. J., and Irion, J., concurred.