**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50333 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00312-RGK-1 |
| v. | |
| JACK SCOTT CARPENTER, Jr., | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted December 5, 2011**
Pasadena, California

Before: D.W. NELSON, GOULD, and IKUTA, Circuit Judges.

Jack Carpenter appeals the denial of his motion to suppress. We have

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and remand for a

corrected judgment.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review the denial of a motion to suppress de novo, *United States v. Crews*, 502 F.3d 1130, 1135 (9th Cir. 2007), and the underlying factual findings for clear error, *United States v. Davis*, 530 F.3d 1069, 1077 (9th Cir. 2008). We also review de novo the denial of a motion for a *Franks* hearing. *United States v. Flyer*, 633 F.3d 911, 916 (9th Cir. 2011).

In evaluating probable cause, we must look to the totality of the circumstances "to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238. We must ensure that there was a substantial basis for concluding that probable cause existed. *Id.* at 238–39.

The totality of the circumstances, as set forth in Deputy Beuer's affidavit, supported a finding of probable cause. *Johnson v. United States*, 333 U.S. 10, 13 (1948); *see also United States v. Mayer*, 560 F.3d 948, 958 (9th Cir. 2009) (affirming probable cause finding based in part on buzzing noise and odor of growing marijuana); *United States v. Kerr*, 876 F.2d 1440, 1444–45 (9th Cir. 1989) (affirming denial of motion to suppress where officer smelled growing marijuana); *United States v. Roberts*, 747 F.2d 537, 544 (9th Cir. 1984) (affirming probable

2

cause finding in part due to frost-free garage roof and covered windows suggesting marijuana grow operation).

The existence of the Compassionate Use Act ("CUA") and the Medical Marijuana Program Act ("MMPA") do not change the probable cause analysis. Although "[p]robable cause depends on all of the surrounding facts, including those that reveal a person's status as a qualified patient or primary caregiver under [the CUA or MMPA], *People v. Mower*, 122 Cal. Rptr. 2d 326, 335 (2002) (citations omitted), Carpenter has not alleged that Deputy Beuer possessed any information suggesting that Carpenter had such a status. Moreover, the police are not required to investigate the existence of affirmative defenses under the CUA or MMPA once probable cause has been established. *See Broam v. Bogan*, 320 F.3d 1023, 1032 (9th Cir. 2003); *People v. Fisher*, 117 Cal. Rptr. 2d 838, 839, 841 (Cal. Ct. App. 2002) (holding CUA is an affirmative defense to be raised at trial); *People v. Wright*, 40 Cal. 4th 81, 85 (Cal. 2006) (holding MMPA is an affirmative defense to be raised at trial).

The district court properly denied a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). Carpenter has not made a "substantial preliminary showing" that false and misleading statements were knowingly, intentionally or recklessly included in the affidavit or that such statements were necessary to a finding a

3

probable cause. *Id.* at 155–56. Nor has Carpenter shown that including more information about the CI would have vitiated probable cause. *United States v. Whitworth*, 856 F.2d 1268, 1280–81 (9th Cir. 1988). Deputy Beuer's independent observations supported a finding of probable cause.

The Government concedes that the district court erred in ordering forfeiture. Therefore, we remand for a corrected judgment.

**AFFIRMED** in part; **REMANDED** for corrected judgment.